IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

MISTY MOORE                                                                          PETITIONER

v.                                    CIVIL ACTION NO.: 1:13CV119-SA-DAS

STATE OF MISSISSIPPI, et al.                                                   RESPONDENTS

**MEMORANDUM OPINION DISMISSING PETITION**

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Misty Moore, a Mississippi inmate, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which she seeks to challenge her State court conviction and sentence for the crime of kidnapping. Having considered the instant petition and the applicable law, the Court dismisses the petition for the following reasons.

**Background**

Moore maintains that on May 20, 2011, she pled guilty to the crime of kidnapping in the Circuit Court of Lowndes County in Cause No. 2010-0521-CRI and was sentenced to a term of twenty-five years in the custody of the Mississippi Department of Corrections. She maintains that she was also facing a charge of statutory rape, which was retired to the files upon her plea. In the instant petition, Moore complains that she has been given a mandatory sentence where none is required by the charge; that she received ineffective assistance of counsel; and that her sentence is unduly harsh. Moore states that she did not seek appellate or post-conviction relief in the State courts prior to filing her federal habeas petition, which was filed on or about June 19, 2013.

1

**Exhaustion**

A prisoner seeking federal habeas relief must first exhaust her available state court remedies. *See* 28 U.S.C. § 2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). The exhaustion requirement is satisfied when the habeas claim has been presented to the highest state court in a procedurally proper manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997). If a prisoner fails to exhaust her claims prior to seeking federal habeas relief, her federal habeas petition must ordinarily be dismissed. *See Coleman v. Thompson,* 501 U.S. 722, 731 (1991); *see also Duncan v. Walker*, 533 U.S. 157, 178-79 (2001) ("The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.").

Moore concedes that she has not sought any State court review of her conviction and sentence, and she has failed to exhaust her available State remedies through the Mississippi Post-Conviction Collateral Relief Act.[1] *See* Miss. Code Ann. § 99-39-5(1) (providing avenue for inmate to bring a challenge "[t]hat the conviction or the sentence was imposed in violation of the Constitution of the United States or the Constitution or laws of Mississippi"); *see also* § 99-39-5(2) ("A motion for relief under this chapter shall be made . . . [I]n case of a guilty plea, within three (3) years after the entry of the judgment of conviction."). Since Moore clearly concedes that she has not pursued her claims with the State court, this petition will be dismissed without prejudice for Moore's failure to exhaust her available State remedies. A final judgment

---

[1] The Court may raise a petitioner's failure to exhaust *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997).

consistent with this memorandum opinion will issue today.

**SO ORDERED** this the 9th day of July, 2013.

                                                **/s/ Sharion Aycock**
                                                **U.S. DISTRICT JUDGE**